IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICARDO CAMPOS

v.

DAVID A. VARANO, et al.

CIVIL ACTION NO. 10-4729

FILED
APR 26 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**ORDER**

AND NOW, this 26th day of April, 2013, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell (R&R, ECF No. 12), and Petitioner's *pro se*[1] Objections to Opinion of United States Magistrate Judge M. Faith Angell Denying the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2254 (ECF No. 16), and all papers submitted in support thereof, it is **ORDERED** as follows:

1. Petitioner's Objections are **OVERRULED**.[2]

---

[1] *Pro se* pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] We review *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).

Petitioner was convicted by a jury in the Court of Common Pleas of Delaware County of first degree murder and possession of an instrument of crime. (R&R 2.) On October 18, 1994, he was sentenced to life in prison for the murder, plus a concurrent sentence of eleven and one-half to twenty-three months on the possession charge. (*Id.*)

On direct appeal to the Superior Court of Pennsylvania, Petitioner raised three issues: (1) whether the trial court erred in refusing to transfer Petitioner's case to juvenile court; (2) whether there was insufficient evidence to support the verdict of first degree murder; and (3) whether trial counsel was ineffective for failing to raise an intoxication defense. (*Id.* at 3.) The Superior Court affirmed Petitioner's conviction. (*Id.*) On September 25, 1996, the Pennsylvania Supreme Court denied Petitioner's request for review. (*Id.*) Petitioner did not seek *certiorari* in the United States Supreme Court. (*Id.*)

Petitioner filed a *pro se* petition for collateral review under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq.*, on August 10, 1998. (*Id.*) The petition was dismissed on September 27, 1999. (*Id.*) On June 12, 2003, Petitioner filed a second *pro se* PCRA petition, which was dismissed as untimely. (*Id.*) The dismissal was affirmed by the Superior Court, and the Pennsylvania Supreme Court denied review on April 6, 2010. (*Id.* at 4.) On July 8, 2010, Petitioner filed a third *pro se* PCRA petition. (*Id.*) That petition was dismissed as untimely on November 24, 2010. (*Id.*) Petitioner filed a Petition for a Writ of Habeas Corpus on September 2, 2010. (*Id.* at 5.) On May 11, 2011, Magistrate Judge M. Faith Angell issued a Report and Recommendation. (R&R, ECF No. 12.) Petitioner responded with Objections on July 27, 2011. (Objections, ECF No. 16.) Supplemental Objections were filed on April 19, 2012. (Supp. Letter, ECF No. 17.)

Petitioner's overarching objection is that his claims should not be procedurally defaulted because the PCRA court and state appellate courts misapplied 42 Pa. Cons. Stat. § 9545(b)(1)(ii) by not tolling the statute of limitations to the date that he discovered letters suggesting that the Commonwealth had offered a negotiated plea. (Objections 3-5.) We defer to state court interpretations of state law, such as determinations of timeliness under the PCRA. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Federal courts conducting habeas review cannot re-examine state court determinations as to state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless clear and convincing evidence suggests otherwise, such determinations are presumed correct. *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004). Petitioner provides no such evidence.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for filing a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Specifically, § 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although he does not specifically assert this claim, Petitioner implies that the United States Supreme Court cases of *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) apply retroactively to his case and warrant federal habeas relief. (Supplemental Objections 1-2.) However, the Supreme Court did not announce a new rule of constitutional law in its *Frye* or *Lafler* decisions. Those cases

merely applied the Sixth Amendment right to counsel to specific factual contexts. While the Third Circuit has not ruled on this issue, other appellate court decisions support this conclusion. *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) ("[N]either *Cooper* nor *Frye* announced a new rule of constitutional law."); *In re King*, 697 F.3d 1189 (5th Cir. 2012) ("*Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel . . . ."); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) ("*Frye* and *Lafler* did not announce new rules."). Therefore, any argument that the operative date for the start of the one-year statute of limitations for Petitioner's habeas corpus petition should run from the date of the *Frye* and *Lafler* decisions must fail.

Petitioner's state conviction became final on December 24, 1996, ninety days after the Pennsylvania Supreme Court denied *allocatur* on direct appeal, when the deadline for seeking a writ of certiorari in the United States Supreme Court expired. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court."). Accordingly, Petitioner's habeas statute of limitations began on December 24, 1996, and absent any tolling, ran on December 23, 1997.

We are satisfied that Petitioner's claim is time-barred pursuant to 28 U.S.C. § 2244(d). The one year period of limitations had run before Petitioner filed the instant Petition. There is no basis for statutory tolling here. None of Petitioner's three PCRA petitions resulted in a tolling of his AEDPA statute of limitations because all were filed after the one year statutory period had expired. Each petition was deemed untimely and, therefore, cannot be considered properly filed.

We are also satisfied that there is no basis for equitable tolling. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Federal review of an untimely habeas petition on an equitable basis is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations and citation omitted).

We agree with Magistrate Judge Angell's conclusions in the R&R that there is nothing in the record demonstrating a "rare situation" demanding the equitable tolling of the habeas statute. Accordingly, Petitioner's claims are time-barred.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED**.

4. No Certificate of Appealability shall issue.[3]

**IT IS SO ORDERED.**

BY THE COURT:

R. BARCLAY SURRICK, J.

*Faxed to W. Deal*
*U.S. Mail - R. Campos*
*4/26/13*

---

[3] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could disagree with our finding that the claim is time-barred.

4

************ -COMM. JOURNAL- ************ DATE APR-26-2013 ***** TIME 16:20 ********

```
MODE = MEMORY TRANSMISSION          START=APR-26 16:19    END=APR-26 16:20

FILE NO.=335

STN NO.  COMM.  ABBR NO.  STATION NAME/TEL NO.  PAGES    DURATION

001      OK     ≞         16108920677           005/005  00:01:01
```

— JUDGE R. BARCLAY SURRICK —

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx  —   — xxxxx —              — xxxxxxxxx

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF PENNSYLVANIA
8614 UNITED STATES COURTHOUSE
INDEPENDENCE MALL WEST
SIXTH AND MARKET STREETS
PHILADELPHIA, PENNSYLVANIA 19106-1741

*Chambers of*
*R. BARCLAY SURRICK*
*United States District Judge*

(267) 299-7630

April 26, 2013

**To:** **Ricardo Campos, #CN-9211**
One Kelley Drive
Coal Township, Pennsylvania 17866
(Via United States Mail)

**William R. Toal, III, Esquire**
DELAWARE COUNTY DISTRICT ATTORNEY'S OFFICE
Delaware County Courthouse
201 West Front Street
Media, Pennsylvania 19063
Fax: 610-892-0677

**Re:** ***Campos v. Varano, et al.***
***Civil Docket No. 10-4729***

**Memo:** Order of the Court to follow.

**Via Fax:** Five (5) pages transmitted to include this cover page.